UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMILY MCGINLEY, individually and as mother and next friend of M.O.M., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN DUMP TRUCKS, INC. et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. CIV-20-408-G ) ) ) ) ) ) |

## ORDER

Now before the Court is Defendants' Motion in Limine with Respect to Expert Testimony from Treating Physicians (Doc. No. 43). Plaintiffs have responded in opposition (Doc. No. 54) and Defendants have replied (Doc. No. 59). Having considered the arguments and authorities submitted by the parties, the Court denies the Motion.

I.   BACKGROUND

Pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, Plaintiffs disclosed their medical providers—Justin R. Porter, M.D., Kelly Stephens III, M.D., Jennifer Trompeter, LPC, and Judy Dennis, MS—as expert witnesses. Plaintiffs advised that these medical providers are expected to testify as to their "examinations, evaluations, testing, diagnosis, and treatment" of Plaintiff Emily McGinley or her child M.O.M. *See* Doc. No. 25, at 2-5. Plaintiffs disclosed that, with the exception of Dr. Dennis, the medical providers are also expected to testify as to the cause of Plaintiffs' injuries. *See id.* 2-4.

Defendants seek an order limiting the medical providers' testimony to their "personal observations within the scope of their treatment" of Plaintiffs. Defs.' Mot. at 2. Defendants contend that the medical providers should not be permitted to testify as to "causation, permanency of injury, future medical care[] and treatment[,] and future mental and/or physical pain and suffering" because they did not provide written reports and such subject matters are reserved for experts designated under Rule 26(a)(2)(B). *Id.* at 3-4; *see* Fed. R. Civ. P. 26(a)(2)(B) (prescribing that any witness "retained or specially employed to provide expert testimony in the case" must provide a written report).

II. DISCUSSION

Any expert, whether designated under Rule 26(a)(2)(B) or (C) of the Federal Rules of Civil Procedure, may testify in the form of an opinion based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702, 703. While treating physicians are "typically designated as non-retained [experts] and therefore are not subject to Rule 26(a)(2)(B)'s report requirement," some courts have recognized that "a treating physician is only exempt from [the] written report requirement to the extent that his opinions were formed during the course of treatment." *Masters v. Safeco Ins. Co. of Am.*, 20-cv-00631-PAB-NRN, 2021 WL 4317112, at *3 (D. Colo. Sept. 23, 2021); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 825-26 (9th Cir. 2011) (collecting cases). Even if the Court were to adopt this position, however, Defendants have not demonstrated that the medical providers formed the opinions Defendants now seek to limit outside of their treatment of Plaintiffs.

Rather, Defendants' argument appears to conflate non-retained expert testimony with that of lay witness testimony and is not supported by the authority presented in their Motion and Reply. Instead, the cases relied upon analyze limitations on physician testimony when the physician was not designated as an expert witness. *See, e.g.*, *Parker v. Cent. Kan. Med. Ctr.*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001) (explaining that the physician may not provide testimony beyond that of a lay witness because the plaintiff failed to disclose the physician as an expert); *Parker v. Cent. Kan. Med. Ctr.*, 57 F. App'x 401, 404 (10th Cir. 2003) (noting that even "a physician testifying only as a lay witness may testify regarding standard of care and causation" when based on the physician's personal treatment of the plaintiff); *Wright v. Encore Orthopedics, Inc.*, No. CIV-08-1378-C, 2010 WL 3420663, at *1 (W.D. Okla. Aug. 25, 2010) (discussing limitations on opinion testimony of treating physician when offered as a lay witness rather than an expert witness); *Robertson v. Red Rock Canyon Sch., LLC*, No. 2:05-cv-758 TC, 2008 WL 2989245, at *2 (D. Utah July 31, 2008) (stating that court "is comfortable with viewing the treating physician as a *fact witness* if the testimony concerns information, conclusions and opinions which were obtained in the course of treating the party and which were necessary to make in rendering this treatment" (emphasis added)). These cases are inapplicable to the present circumstances, in which Plaintiffs designated their medical providers as experts under Rule 26(a)(2)(C).

## CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine with Respect to Expert Testimony from Treating Physicians (Doc. No. 43) is DENIED.

IT IS SO ORDERED this 30th day of September, 2021.

CHARLES B. GOODWIN
United States District Judge