## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EMILY MCGINLEY, individually )
and as mother and next friend of )
M.O.M., a minor, )
                              )
        **Plaintiffs,** )
                              )
**v.** )   **Case No. CIV-20-408-G**
                              )
AMERICAN DUMP TRUCKS, INC. )
et al., )
                              )
        **Defendants.** )

## OPINION AND ORDER

Before the Court are the Motions for Partial Summary Judgment filed by Defendant Bruno Diaz (Doc. No. 44) and Defendant ADT Trailers, Inc. d/b/a Safe Connection Interstate ("ADT Trailers") (Doc. No. 45). Plaintiff has submitted responses in opposition to the Motions (Doc. Nos. 55, 68) and Defendants ADT Trailers and Bruno Diaz have replied (Doc. Nos. 60, 69).

Plaintiff seeks damages in relation to a motor vehicle accident that occurred on February 17, 2020. *See* Pet. (Doc. No. 1-2) at 2-3. Plaintiff claims that Defendant Diaz negligently operated a semitractor-trailer and wrongfully fled the scene, that Diaz's conduct warrants both compensatory and punitive damages, and that Defendants ADT Trailers and American Dump Trucks, Inc. are liable for Diaz's conduct under the theory of respondeat superior. *See id.* at 3, 5-7. Plaintiff also brings claims of negligent entrustment against ADT Trailers and American Dump Trucks, Inc. and a claim of negligent selection

of a motor carrier against American Dump Trucks, Inc.[1]  *See id.* at 7-8.

## I.   SUMMARY JUDGMENT STANDARD

Summary judgment is a means of testing in advance of trial whether the available evidence would permit a reasonable jury to find in favor of the party asserting a claim.  The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

A party that moves for summary judgment has the burden of showing that the undisputed material facts require judgment as a matter of law in its favor.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To defeat summary judgment, the nonmovant need not convince the Court that it will prevail at trial, but it must cite sufficient evidence admissible at trial to allow a reasonable jury to find in the nonmovant's favor—i.e., to show that there is a question of material fact that must be resolved by the jury.  *See Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).  The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Parties may establish the existence or nonexistence of a material disputed fact by:

- citing to "depositions, documents, electronically stored information, affidavits

---

[1] In her pleading, Plaintiff additionally raised a claim of negligent maintenance against all three defendants.  *See id.* at 8-9.  Defendants Diaz and ADT Trailers each sought summary judgment on the claim.  Plaintiff, in her Responses, advised that she is "no long[er] pursuing" this claim.  Pl.'s Resp. to Diaz (Doc. No. 55) at 9; Pl.'s Resp. to ADT (Doc. No. 68) at 14.  In view of Plaintiff's representations and failure to respond to Defendants' arguments, the Court grants summary judgment on the negligent maintenance claim in favor of Defendants Diaz and ADT Trailers.  *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768-69 (10th Cir. 2001).

or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in the record; or

- demonstrating "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).  While the Court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party, *see Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005), "[t]he mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."  *Liberty Lobby*, 477 U.S. at 252.

II.    DEFENDANT BRUNO DIAZ'S MOTION

Plaintiff brings claims of negligence and negligence per se against Diaz in relation to his operation of the semitractor-trailer, as well as a claim for treble damages under title 47, section 10-103 of the Oklahoma Statutes in relation to his alleged failure to stop at the scene.

A.  *Undisputed Facts*

On February 17, 2020, Plaintiff and her two children were in a vehicle traveling south in the right lane of a service road.  Defendant Diaz, operating a semitractor-trailer, merged into the right lane from the left, causing contact with Plaintiff's vehicle.  Diaz proceeded, turning right onto an interstate highway.  Kyle Pound, a witness to the collision, followed Diaz until he stopped at a tollbooth to pay his toll, at which point Pound blocked Diaz's exit and informed Diaz that he had been in an accident.  Diaz denied knowledge of the collision.

### B.  Negligence

Plaintiff claims that Diaz was negligent in his operation of the semitractor-trailer. *See* Pet. at 5 (alleging that Diaz failed to operate the vehicle in a careful manner, failed to devote his full attention to driving, and failed to determine if he could safely change lanes). To succeed on her claim of negligence, Plaintiff must establish that Diaz failed to exercise ordinary care when he changed lanes and collided with Plaintiff's vehicle.  *See Fargo v. Hays-Kuehn*, 352 P.3d 1223, 1227 & n.11 (Okla. 2015).

The record before the Court includes Diaz's deposition testimony that he never saw Plaintiff's vehicle and that the mirrors on his semitractor-trailer are "properly located" such that he "can see the entire side of [the] trailer."  Diaz Dep. (Doc. No. 44-1) 83:3-18.  A reasonable jury could determine from this evidence that Diaz failed to properly look in his mirrors prior to changing lanes.  Plaintiff has also submitted evidence suggesting that the collision was so severe in nature that Diaz should have been aware of it at the time.  *See* McGinley Dep. (Doc. No. 55-2) 19:8-11 ("I lay on my horn, slam on my brakes, brace for impact, . . . and I just feel my car shake and then the entire side of the vehicle is hit from back to front."); Pound Dep. (Doc. No. 55-3) 38:3-5, 125:17-126:5, 129:4-25 (Pound testifying that McGinley's vehicle "traveled the whole distance from the front all the way to the rear" of the semitractor-trailer, that there was "pressure pushing [McGinley's vehicle] down, like it should have popped the tire," and that he "couldn't imagine" that Diaz was unaware he had hit something).  A jury could reasonably find from this evidence that Diaz was aware of the collision as it happened but failed to immediately correct his position upon impact in the manner expected of a reasonably careful driver.

For these reasons, the Court determines that genuine factual disputes exist that preclude summary judgment on the negligence claim against Diaz.

### C. Negligence per se

To establish negligence per se under Oklahoma law, a plaintiff must prove the following elements: "(1) the violation of a statute must have caused the injury, (2) the harm sustained must be of the type intended to be prevented by the statute[,] and (3) the injured party must be one of the class intended to be protected by the statute." *Nye v. BNSF Ry. Co.*, 428 P.3d 863, 873 (Okla. 2018) (internal quotation marks omitted). In her pleading, Plaintiff based her negligence per se claim on the following statutes: title 47, section 11-601 of the Oklahoma Statutes, which addresses turns at an intersection; and title 47, sections 11-604(A) and 11-604(B) of the Oklahoma Statutes, which address turning movements and required signals. *See* Pet. at 5-6.

Diaz argues that these statutes are not implicated by the facts or evidence in the case. In her Response, Plaintiff agrees with Defendant that sections 11-601 and 11-604 are inapplicable but argues that negligence per se instead can be established under a separate statute, title 47, section 11-309 of the Oklahoma Statutes. *See* Pl.'s Resp. (Doc. No. 55) at 10. Section 11-309(2) provides that "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic, . . . [a] vehicle shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety and then given a signal, not less than the last one hundred (100) feet traveled by the vehicle, of his intention to change lanes." Okla. Stat. tit. 47, § 11-309(2). Diaz objects that Plaintiff's

reliance on a statute not addressed in her pleading is improper.  *See* Diaz's Reply (Doc.

No. 60) at 7.

"Issues raised for the first time in a plaintiff's response to a motion for summary

judgment may be considered a request to amend the complaint, pursuant to Fed. R. Civ. P.

15." *Viernow v. Euripides Dev. Corp*, 157 F.3d 785, 790 n.9 (10th Cir. 1998).

> As a general rule, a plaintiff should not be prevented from pursuing a claim merely because the claim did not appear in the initial complaint.  However, a court properly denies leave where a late shift in the thrust of the case will prejudice the other party in maintaining his defense upon the merits.  The liberalized pleading rules do not allow plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case. In addition, untimeliness alone is a sufficient reason to deny leave to amend. . . when the party filing the motion has no adequate explanation for the delay.

*Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) (alteration, citations, and

internal quotation marks omitted).

Neither Plaintiff nor Diaz addressed these considerations in their summary

judgment briefing.  While a negligence per se claim based on section 11-309(2) would not

appear to "raise[] substantially different factual issues after the close of discovery,"

Plaintiff has not "give[n] a reason for [her] delay" in raising the alternate theory.  *Id.*

Accordingly, insofar as Plaintiff's reference to section 11-309(2) in her Response may be

construed as a motion to amend her pleading, the Court denies the request without prejudice

based on its unexplained untimeliness.

Because Plaintiff expressly conceded Diaz's argument that summary judgment is

appropriate as to sections 11-601 and 11-604, the Court grants summary judgment on the

negligence per se claim.  In doing so, the Court makes no finding as to the applicability of

these provisions to the facts or the validity of the claim under these provisions.

*D. Treble Damages under Okla. Stat. tit. 47, § 10-103*

Title 47, section 10-103 of the Oklahoma Statutes requires the driver of a vehicle "involved in an accident resulting only in damage to a vehicle which is driven or attended by any person" to immediately stop at the scene of the accident and to remain until he has provided certain required identifying information to the other driver.  Okla. Stat. tit. 47, § 10-103.  Any driver who violates section 10-103 may be sued in a civil action for three times the value of the damage caused by the accident.  *See id.*; *McIntosh v. Watkins*, 441 P.3d 1094, 1096 (Okla. 2019).

Diaz argues that no evidence has been presented suggesting he knowingly left the scene of the accident.  Diaz contends that, instead, the evidence demonstrates that he did not learn of the accident until Kyle Pound blocked Diaz's vehicle at the tollbooth and advised him of what had happened.  *See* Diaz's Mot. at 13-14.  Plaintiff, in turn, has produced testimony that the collision was significant, that Plaintiff honked her horn at Diaz during the collision, that Pound recalled Diaz slowing down after making contact with Plaintiff's vehicle, and that Pound "couldn't imagine" that Diaz was unaware he had hit something.  *See* McGinley Dep. (Doc. No. 55-2) 19:8-11, 29:13-16; Pound Dep. (Doc. No. 55-3) 38:3-5, 125:17-126:5, 129:4-25.  Given this evidence, the Court determines that reasonable minds could differ as to whether Diaz had knowledge of the accident at the time it occurred.  The Court therefore denies summary judgment on the claim.

*E. Punitive Damages*

Diaz seeks summary judgment on the issue of punitive damages, which Plaintiff seeks against Diaz in relation to the negligence and negligence per se claims.  Under

Oklahoma law, punitive damages may be awarded if the plaintiff proves by clear and convincing evidence that "[t]he defendant has been guilty of reckless disregard for the rights of others," or that "[t]he defendant has acted intentionally and with malice towards others." *See* Okla. Stat. tit. 23, § 9.1(B)-(D). Reckless disregard is established by showing that the defendant "was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others." *Gowens v. Barstow*, 364 P.3d 644, 652 (Okla. 2015) (internal quotation marks omitted).

As previously stated, evidence has been presented in this case from which reasonable factfinders could conclude that Diaz did not properly look in his mirrors when he merged into Plaintiff's lane or correct his position upon impacting Plaintiff's vehicle. Particularly in view of the fact that Diaz was driving a semitractor-trailer, a reasonable factfinder could conclude from the evidence that this conduct created a substantial and unnecessary risk of serious injury to smaller vehicles and their occupants and that Diaz was aware of or did not care about this risk.

Accordingly, Diaz's request for summary judgment on the issue of punitive damages is denied.

III.   DEFENDANT ADT TRAILERS' MOTION

In her pleading, McGinley brings a claim of negligent entrustment against Defendant ADT Trailers and alleges that ADT Trailers is vicariously liable for certain acts of negligence allegedly committed by Diaz.

### A.  Undisputed Facts

As a precondition to driving for ADT Trailers, Diaz completed a driver qualification process with a separate entity.  ADT Trailers did not see or review Diaz's driver qualification documents.  Diaz was not subject to any disciplinary action in the year preceding the accident and did not receive any motor vehicle citations in the three years preceding the accident.

### B.  Negligent Entrustment

Plaintiff alleges in her Petition that ADT Trailers negligently entrusted the semitractor-trailer to Diaz in violation of title 47, section 6-307 of the Oklahoma Statutes, which prescribes that "[a]ny person . . . who is the owner of any motor vehicle and knowingly permits such motor vehicle to be operated by any person who is not qualified to operate a motor vehicle under the provisions of this act, shall be held civilly liable as a joint tortfeasor for any unlawful act committed by such operator."  Okla. Stat. tit. 47, § 6-307.  Neither party addresses section 6-307 in their briefing.  Rather, they address the claim as a common law claim of negligent entrustment of a vehicle.  Liability for such a claim may be imposed "when a person who owns or has possession and control of an automobile allows another driver to operate the automobile when the person knows or reasonably should know that the other driver is careless, reckless[,] and incompetent, and an injury results therefrom."  *Green v. Harris*, 70 P.3d 866, 868 (Okla. 2003).

Regardless of whether Plaintiff's claim of negligent entrustment arises under section 6-307 or the common law, Plaintiff must demonstrate the element of knowledge.  It is undisputed that Diaz was not subject to disciplinary action in the year prior to the accident

and did not receive any motor vehicle citations in the three years prior to the accident. It is further undisputed that Diaz had completed a driver qualification process before working for ADT Trailers. Though Plaintiff protests that ADT Trailers failed to keep a record of Diaz's driving qualifications or other pertinent documents, she does not argue or otherwise demonstrate that their contents would have put ADT Trailers on notice that Diaz was careless, reckless, or unqualified. *See* Cordero Diaz Dep. (Doc. No. 68-1) 79:25-80:2 (testimony of ADT Trailers' owner that the agency handling Diaz's driver qualification process advised ADT Trailers that Diaz "was ready to start working").

Accordingly, Plaintiff has failed to demonstrate a genuine factual dispute on the issue of ADT Trailers' knowledge, and ADT Trailers is entitled to summary judgment on Plaintiff's negligent entrustment claim.[2]

### C. Respondeat Superior Liability

ADT Trailers argues that it is not liable under a theory of respondeat superior in relation to Plaintiff's negligence per se claim. The Court has granted summary judgment on the negligence per se claim against Defendant Diaz. Accordingly, Plaintiff's attendant claim of respondeat superior liability against ADT Trailers for negligence per se likewise fails as a matter of law. *See Fox v. Mize*, 428 P.3d 314, 319 (Okla. 2018).

---

[2] ADT Trailers also seeks summary judgment on the issue of punitive damages in relation to the negligent entrustment and negligent maintenance claims. *See* ADT Trailers' Mot. at 22-23. As the Court has granted summary judgment on the negligent entrustment and negligent maintenance claims, punitive damages in relation to those claims are unavailable. *See Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993) ("The plea for punitive damages rests on the underlying claim, and if there is no recovery on the underlying claim, there can be no recovery of punitive damages.").

ADT Trailers also seeks summary judgment as to its respondeat superior liability premised on Diaz's alleged violation of title 47, section 10-103 of the Oklahoma Statutes, for which Plaintiff seeks treble damages. *See* ADT Trailers' Mot. at 25-26. ADT Trailers argues that no evidence has been presented that Diaz knowingly left the scene of the accident. The Court, however, has already rejected this theory. *See supra* Part II.D. ADT Trailers then argues that Diaz was not its employee at the time of the accident and that, "[g]iven the nature of the statute, . . . any violation of [section 10-103] should not flow through to ADT as the hirer/employer of Diaz." ADT Trailers' Mot. at 25 n.6. ADT Trailers fails, however, to provide any explanation or meaningful support for its argument, and factual disputes exist as to the nature of the relationship between ADT Trailers and Diaz. The Court cannot properly conclude, based on ADT Trailers' cursory argument, that summary judgment on this claim is warranted.

CONCLUSION

For the foregoing reasons, the Court ORDERS that:

(1) Defendant Bruno Diaz's Motion for Partial Summary Judgment (Doc. No. 44) is GRANTED IN PART AND DENIED IN PART. The Motion is granted as to Plaintiff's claims against Diaz of negligent maintenance and negligence per se. The Motion is denied in all other respects.

(2) Defendant ADT Trailers' Motion for Partial Summary Judgment (Doc. No. 45) is GRANTED IN PART AND DENIED IN PART. The Motion is granted as to Plaintiff's claims against ADT Trailers of negligent maintenance and negligent entrustment and corresponding requests for punitive damages. The Motion is

11

further granted as to Plaintiff's claim of respondeat superior liability in relation to the negligence per se claim.  The Motion is denied in all other respects.

With the issuance of this decision, the following claims remain: (1) Plaintiff's claim of negligence against Defendant Diaz and corresponding claim of respondeat superior liability against ADT Trailers and American Dump Trucks, Inc.; (2) Plaintiff's claim for treble damages under title 47, section 10-103 of the Oklahoma Statutes and corresponding claim of respondeat superior liability against ADT Trailers and American Dump Trucks, Inc.; (3) Plaintiff's claim of negligent entrustment against American Dump Trucks, Inc.; (4) Plaintiff's claim of negligent maintenance against American Dump Trucks, Inc.; and (5) Plaintiff's claim of negligent selection of a motor carrier against American Dump Trucks, Inc.

IT IS SO ORDERED this 30th day of September, 2021.

CHARLES B. GOODWIN
United States District Judge